**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  scott@bursor.com
         ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINSHAWNDA SMITH, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AITIMA MEDICAL EQUIPMENT, INC.,<br><br>Defendant. | Case No. 5:16-cv-339<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Quinshawnda Smith ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge against Defendant Aitima Medical Equipment, Inc. ("Aitima" or "Defendant").

## NATURE OF THE ACTION

1. On February 3, 2016, Defendant called Plaintiff on her cellular telephone using an autodialer and/or an artificial or prerecorded voice in order to sell her medical equipment. Plaintiff has no interest in purchasing medical equipment and did not give Defendant prior express written consent to make this call.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

3. Plaintiff Quinshawnda Smith is, and at all times mentioned herein was, a resident of Victorville, California and a citizen of the State of California.

4. Defendant Aitima Medical Equipment, Inc. is a Florida corporation with its principal place of business located at 701 Park of Commerce Blvd., #301A, Boca Raton, FL 33487.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different

citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

6.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statutes, the TCPA.

7.  Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants transact significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   The Telephone Consumer Protection Act Of 1991**

8.  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.  Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

10. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

### B. Defendants' Robocalls to Plaintiff and Class Members

12. Prior to the calls at issue in this action, Plaintiff has never consented in writing, or otherwise, to receive telephone calls from Defendant.

13. On February 3, 2016, at 11:22 a.m., Defendant called Plaintiff from the number (321) 445-1040 using an autodialer and/or an artificial or prerecorded voice.

14. When Plaintiff answered the phone, she heard a pause or dead air before anyone on the line began to speak, indicating use of an automatic telephone dialing system.

15. There are a legion of online consumer complaints regarding Defendant's harassing robocalls from this same phone number:

- He knew my name and claimed to be from some medical company following up. Asked about my claim of diabetes that I don't have...[1]
- Multiple calls with NO voicemail!!!!!! Am BLOCKING it!!![2]
- He called me at work and he knew my name. Said that he was following up on a survey but had no specifics. Kept talking over me when I wanted details and claimed that I had diabetes which I don't.[3]
- Several calls a day, hang ups! extremely annoying.[4]
- Called and they ask if I was Keith, when I said no, she continued on with her sells pitch with some medical something.. I stopped her again when I said, no, i'm not Keith and hung up... straight sells call!![5]
- Keeps callin askin for Ophelia. When I tell her I'm not Ophelia, why she's calling and to quit calling me, she wants to argue and ask why I'm asking what she's callin for if I'm not Ophelia and that she hasn't called before then hangs up. Ridiculous.[6]

---

[1] http://800notes.com/Phone.aspx/1-321-445-1040 (last checked Feb. 25, 2016).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

CLASS ACTION COMPLAINT                              3

- Said they were Ateena Medical and called me because I filled out a form that I had pain that could be associated with diabetes. I never filled out any forms.[7]

- Calls our business several times, leaves no message. We don't do business with anyone in the 321 area code. Another scammer![8]

- Asked for our elderly mother ! They had our email and said she had filled out survey for chronic pain . She doesn't know how to use a computer much less an email . The lady said she was just checking on her patients and hung up abruptly.[9]

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

17. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

18. Plaintiff also proposes the following Autodialer Class definition:

---

[7] *Id.*
[8] *Id.*
[9] *Id.*

CLASS ACTION COMPLAINT 4

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

19. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20. Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the Classes are so numerous that individual joinder would be impracticable.

21. Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

22. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed Classes can be identified easily through records maintained by Defendants.

23. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed

Classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants are liable for damages, and the amount of such damages, and

    d. Whether Defendants should be enjoined from engaging in such conduct in the future.

24. As a person who received numerous and repeated calls on his telephone using an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

25. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

26. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

CLASS ACTION COMPLAINT     6

27. Defendants have acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

28. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

30. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

32. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

CLASS ACTION COMPLAINT 7

34. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

37. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

  e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

  f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 25, 2016   Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
   L. Timothy Fisher

Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email: scott@bursor.com
   ltfisher@bursor.com
   apersinger@bursor.com
   ykrivoshey@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT   9