GREENSPOON MARDER LAW
RICHARD EPSTEIN (*admitted pro hac vice*)
Richard.Epstein@gmlaw.com
JEFFREY BACKMAN (*admitted pro hac vice*)
Jeffrey.Backman@gmlaw.com
LAUREN SHOEMAKE (*admitted pro hac vice*)
Lauren.Shoemake@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone:  (954) 491-1120
Facsimile:(954) 333-4211

REDEFINE LAW FIRM, INC.
BABAK LALEZARI (SBN 261703)
BLalezari@redefinelawfirm.com
6399 Wilshire Blvd., Suite #901
Los Angeles, CA 90048
Telephone:  (310) 571-5297
Facsimile:  (310) 684-5793

Attorneys for Defendant
Aitima Medical Equipment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| QUINSHAWNDA SMITH, on behalf of herself and all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AITIMA MEDICAL EQUIPMENT, INC.,<br><br>    Defendant. | Case No. 5:16-cv-00339-ATB-DTB<br><br>DEFENDANT AITIMA MEDICAL EQUIPMENT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION, AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**Hearing**<br>Date:  June 6, 2016<br>Time:  10:00 a.m.<br>Judge: Hon. André Birotte, Jr.<br>Ctrm:  4 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**:

NOTICE IS HEREBY GIVEN THAT on June 6, 2016, at 10:00 a.m., or as soon thereafter as may be heard, before the Honorable André Birotte, Jr., in Courtroom 4 of the United States District Courthouse for the Central District of California, Western Division, 312 North Spring Street, Los Angeles, California, 90012-4701, Defendant Aitima Medical Equipment, Inc., will and hereby does move the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted, and in the alternative, requests this Court to stay this action pending the outcome of the decision of the United States Supreme Court in *Spokeo, Inc. v. Robins*.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and other papers on file in this action, and all matters of which judicial notice can be taken, and such other evidence or arguments as may be presented at the hearing in this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 8, 2016.

Dated: April 15, 2016                    Respectfully Submitted,

                                         /s/  *Lauren Shoemake*
                                         GREENSPOON MARDER, P.A.
                                         Richard W. Epstein
                                         (Admitted *Pro Hac Vice*)
                                         Richard.Epstein@gmlaw.com
                                         Jeffrey A. Backman
                                         (Admitted *Pro Hac Vice*)
                                         Jeffrey.Backman@gmlaw.com
                                         Lauren Shoemake
                                         (Admitted *Pro Hac Vice*)
                                         Lauren.Shoemake@gmlaw.com
                                         200 East Broward Blvd., Suite 1800
                                         Fort Lauderdale, FL  33301
                                         Tel:  (954) 491-1120
                                         Fax: (954) 333-4211

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-and-

REDEFINE LAW FIRM, INC.
Babak Lalezari, Esq. (SBN 261703)
BLalezari@redefinelawfirm.com
6399 Wilshire Blvd., Suite #901
Los Angeles, CA 90048
Telephone:   (310) 571-5297
Facsimile:   (310) 684-5793

Attorneys for Defendant Aitima Medical
Equipment, Inc.

# TABLE OF CONTENTS

I. INTRODUCTION...................................................................................1

II. MOTION TO DISMISS .........................................................................2

    A. Rule 12(b)(6) Standard .................................................................2

    B. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted .....3

III. MOTION TO STAY ............................................................................8

    A.  This Case Implicates the Issues Raised in *Spokeo*...............................9

    B.  The Applicable Factors All Weigh in Favor of Granting a Stay ...........9

        1. *Spokeo* May Have a Dispositive Effect Here.................................11

        2. Staying this Action and Awaiting the Potentially-Dispositive
           *Spokeo* Decision Will Save Judicial Economy .............................11

        3. A Stay Will Benefit the Public Interest.........................................12

        4. None of the Parties will Suffer a Hardship or Prejudice
           While Awaiting the Supreme Court's Decisions ..........................12

IV..REQUEST FOR TEMPORARY STAY OF DISCOVERY.......................13

V.  CONCLUSION........................................................................ 14

i

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Ashby v. Farmers Group, Inc.*,
     No. 01-CV-1446-BR, 2006 WL 3169381 (D. Ore. Oct. 30, 2006) ...............9

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)......................................................................................3

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544 (2007).......................................................................................3

*Boise v. ACE USA, Inc.*,
     No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015).............10-12

*Campbell-Ewald v. Gomez*,
     135 S. Ct. 2311 (2015) ................................................................................10

*Cardenas v. AmeriCredit Financial Servs., Inc.*,
     No. C 09-04978 SBA, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011) ...............9

*Carney v. Verizon Wireless Telecom, Inc.*,
     No. 09-CV-1854 DMS, 2010 WL 3058106 (S.D. Cal. Aug. 2, 2010)............9

*Clinton v. Jones*,
     520 U.S. 681 (1997).....................................................................................10

*Conservation Force v. Salazar*,
     646 F.3d 1240 (9th Cir. 2011) ......................................................................2

*Duchene v. Westlake Servs., LLC*,
     No. 13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015) .....10-11, 13

*Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*,
     No. CV 15-04767-AB,
     2015 WL 6579779 (C.D. Cal. Oct. 19, 2015)....................................2, 10-11

*Flores v. Adir-Int'l, LLC*,
     No. CV1500076ABPLAX,
     2015 WL 4340020 (C.D. Cal. July 15, 2015) ........................................ 5-6

*Freidman v. Massage Envy Franchising, LCC*,
  No. 3:12-CV-02962-L-RBB,
  2013 WL 3026641 (S.D. Cal. June 13, 2013) .................................................5

*Genesis Healthcare Corp. v. Symczyk*,
  133 S. Ct. 1523 (2013) .................................................................................11

*Hanley v. Green Tree Servicing, LLC*,
  934 F. Supp. 2d 977 (N.D. Ill. 2013),
  *on reconsideration* (June 7, 2013) .........................................................3, 5

*Ibey v. Taco Bell Corp.*,
  No. 12-CV-0583-H WVG,
  2012 WL 2401972 (S.D. Cal. June 18, 2012) ..........................................4, 7

*Ivy v. Davita*,
  No. 13-CV-1326 KAW, 2013 WL 3815661 (N.D. Cal. July 22, 2013)..........3

*Knutson v. Reply!, Inc.*,
  No. 10-CV-1267 BEN WMC,
  2011 WL 291076 (S.D. Cal. Jan. 27, 2011)...............................................5

*Landis v. North American Co.*,
  299 U.S. 248 (1936)..............................................................................10, 13

*Larson v. Trans Union LLC*,
  No. 12-CV-057260-WHO,
  2015 WL 3945052 (N.D. Cal. June 26, 2015) ......................................10-12

*Little v. City of Seattle*,
  863 F.2d 681, 685 (9th Cir. 1988) .............................................................13

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ...................................................................10

*Lopez v. Miami-Dade County*,
  No. 15-Civ-22943-COOKE/TORRES,
  2015 WL 7202905 (S.D. Fla. Nov. 6, 2015)..............................................10

*Luster v. Jewelers*,
    No. 15-CV-2854-WSD, 2015 WL 9255553 (N.D. Ga. Dec. 17, 2015)........10

*Meyer v. Portfolio Recovery Associates, LLC*,
    707 F.3d 1036, 1043 (9th Cir. 2012) ...........................................3

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) .....................................................2

*NGV Gaming, Ltd. v. Harrah's Operating Co., Inc.*,
    No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008) ..................9

*Pimental v. Google Inc.*,
    No. C-11-02585-YGR, 2012 WL 691784 (N.D. Cal. March 2, 2012) ..........3

*Provo v. Rady Children's Hosp.-San Diego*,
    No. 15CV0081 JM BGS, 2015 WL 6144029 (S.D. Cal. July 29, 2015) ......10

*Ramirez v. Trans Union, LLC*,
    No. 12-CV-00632-JSC,
    2015 WL 6159942 (N.D. Cal. June 22, 2015) .......................................10, 13

*Reese v. BP Exploration (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) .....................................................3

*Schartel v. OneSource Tech., LLC*,
    No. 15 CV 1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015)...............10

*Sierra Med. Servs. Alliance v. Maxwell-Jolly*,
    No. CV 10-04182 CAS, 2011 WL 3837076 (C.D. Cal. Aug. 29, 2011).........9

*Spokeo, Inc. v. Robins*,
    135 S.Ct. 1892 (2015).................................................................*passim*

*Spokeo, Inc. v. Robins*,
    2014 WL 1802228 (U.S. May 1, 2015) ........................................2

*St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*,
    No. 15-CV-01215-AGF, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015)........10

iv

*Stone v. Sterling Infosystems, Inc.*,
    No. 15-CV-00711-MCE-DAD,
    2015 WL 4602968 (S.D. Cal. July 29, 2015)..........................................10-11

*Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*,
    No. 15-cv-969-Orl-41DAB,
    2015 WL 7444409 (M.D. Fla. Nov. 20, 2015)............................................10

*Top Rank, Inc. v. Haymon*,
    No. CV154961JFWMRWX,
    2015 WL 9952887 (C.D. Cal. Sept. 17, 2015) ...........................................14

*Williams v. T-Mobile USA, Inc.*,
    No. 15-CV-03384-JSW, 2015 WL 5962270 (N.D. Cal. Oct. 14, 2015)..... 4-6

*Wolf v. Lyft, Inc.*,
    No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015)...........10

*Yaakov v. Varitronics, LLC*,
    No. CIV. 14-5008 ADM/FLN,
    2015 WL 5092501 (D. Minn. Aug. 28, 2015)..............................................10

*Ybarra v. Dish Network, L.L.C.*,
    807 F.3d 635 (5th Cir. 2015) .......................................................................7

**Statutes**
47 U.S.C. §227 ................................................................................... 1, 3-5
28 U.S.C. §1332 ...................................................................................7

**Rules**
Fed. R. Civ. P. 8..................................................................................2
Fed. R. Civ. P. 12................................................................................2
Fed. R. Civ. P. 26................................................................................13

1  **I. INTRODUCTION**

2      Due to allegedly receiving a single telephone call, Plaintiff Quinshawnda Smith

3  ("Smith") files this class action lawsuit, seeking over $5,000,000 in damages and

4  attempting to certify two classes of persons who purportedly received unlawful calls

5  from Defendant Aitima Medical Equipment, Inc. ("Aitima").   Smith claims the one

6  telephone call she allegedly received from Aitima is a violation of the Telephone

7  Consumer Protection Act, 47 U.S.C. §227 *et seq.* (the "TCPA") even though she omits

8  any details about the call.   Smith's Complaint fails to explain whether the call is

9  unlawful because it was placed using an automated telephone dialing system ("ATDS")

10 <u>or</u> with a prerecorded (or artificial) message, or both.[1] Essential information, such as

11 what Smith heard upon answering the call (and what she said, if anything), is entirely

12 absent from the Complaint.   Despite only receiving one call, which she seems to be

13 unable to clearly recall, Smith seeks treble damages, conclusorily asserting that

14 "Defendants (sic) negligently, knowingly, and willfully contact[ed] Plaintiff and class

15 members on their telephones…."[2]

16     Apparently in the hopes of curing the total lack of information provided by the

17 only named Plaintiff, the Complaint quotes nine (9) "online consumer complaints" from

18 one single source—800notes.com.   Some of these purported consumer complaints do

19 not reference medical equipment, and only one cited consumer complaint references the

20 Defendant.   These purported complaints also do not suggest the use of a prerecorded

21 voice or an ATDS; rather, some consumers explain they spoke with a live person.

22     This Court should dismiss Plaintiff's Complaint because her allegations regarding

23 the single call she received are insufficient to state a claim for relief under the TCPA.

24 Alternatively, the Court should stay this lawsuit pending the Supreme Court's decision

25

26 ──────────────

27 [1] Instead, Smith twice alleges the call she received was made "using an autodialer and/or an artificial or prerecorded voice message." Complaint, ¶¶1, 13.

28 [2] *Id.* at ¶2.

1

in *Spokeo, Inc. v. Robins*,[3] as this Court has done in at least one other case.[4] The Supreme Court granted review to resolve a conflict among the courts of appeals over "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."[5]  The *Spokeo* petition presents a legal argument that – if agreed with by the Supreme Court – will dispose of Plaintiff's claims in the instant case by depriving her of Article III standing in the context of the alleged bare statutory violation without any claimed concrete injury.  This lawsuit is exactly the type of case with no actual injury of which Spokeo complains in its petition: Plaintiff has not alleged she suffered any injury other than statutory damages. Aitima further requests a stay of discovery during the pendency of this Motion.

## II. <u>MOTION TO DISMISS</u>

Plaintiff's few allegations regarding the single call she claims to have received are nothing more than naked and conclusory assertions requiring dismissal of the Complaint under Rule 12(b)(6) for failure to state a claim.

### A. Rule 12(b)(6) Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"[6] To satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[3] 135 S.Ct. 1892 (2015).

[4] *See, e.g.*, *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767-AB (JCX), 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015); *see also infra* Notes 35-36.

[5] Pet. For Writ of *Certiorari*, at I, *Spokeo, Inc. v. Robins*, 2014 WL 1802228 (U.S. May 1, 2015).

[6] *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

---

relief that is plausible on its face."[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  A "sheer possibility that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough to raise a right to relief above the speculative level."[9]

When determining whether a claim has been stated, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff.[10]  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[11]  Thus, "bare assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, must be rejected as "conclusory and [are] not entitled to be assumed true."[12]  "Legally conclusory statements, not supported by actual factual allegations, need not be accepted."[13]

### B. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted

To state a claim under the TCPA, Plaintiff must allege (1) the Defendant called Plaintiff at her number, (2) using an ATDS or prerecorded or artificial voice, (3) without Plaintiff's prior express consent.[14]  As set forth in the TCPA, an ATDS "means

---

[7] *Ivy v. Davita*, No. 13-CV-1326 KAW, 2013 WL 3815661, at *2 (N.D. Cal. July 22, 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.*

[10] *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

[11] *Ashcroft*, 556 U.S. at 663.

[12] *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

[13] *Pimental v. Google Inc.*, No. C-11-02585-YGR, 2012 WL 691784, at *1 (N.D. Cal. Mar. 2, 2012).

[14] 47 U.S.C. §227(b)(1)(A).  *See, e.g.*, *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013), *on reconsideration* (June 7, 2013) ("To state a cause of action under the TCPA, a plaintiff must allege that: (1) a call was made; (2) the

[Footnote continued on next page]

---

equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[15] Plaintiff fails to state a claim against Aitima because her allegations are nothing but conclusions couched as facts to set forth the bare elements of a violation of the TCPA.[16]

The *four sentences* referencing the single call Plaintiff allegedly received (which forms the basis of her class action lawsuit with allegedly over $5,000,000 in damages) do not explain the contents of the telephone call. In sum, Plaintiff alleges that "Defendant called [her] on her cellular telephone using an autodialer and/or an artificial or prerecorded voice in order to sell her medical equipment."[17] Plaintiff also claims "[w]hen [she] answered the phone, she heard a pause or dead air before anyone on the line began to speak, indicating the use of an automatic telephone dialing system."[18] Other than these two sentences, Plaintiff provides no details about the call itself. Plaintiff fails to allege that she actually heard an artificial or prerecorded message, yet she seeks to certify an entire class of persons who allegedly received calls from a prerecorded or artificial voice message.

Numerous cases explain that such conclusory or naked assertions are insufficient to survive dismissal of a TCPA claim.[19]  In *Williams v. T-Mobile USA, Inc.*, a court in

---

[Footnote continued from previous page]

caller used an ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient.").

[15] 47 U.S.C. §227(a)(1).

[16] *See, e.g.*, *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) ("Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details.").

[17] Complaint, ¶1.

[18] *Id.* at ¶14.

[19] *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H WVG, 2012 WL 2401972 (S.D. Cal. June 18, 2012); *Williams v. T-Mobile USA, Inc.*, No. 15-CV-03384-JSW, 2015 WL

[Footnote continued on next page]

---

the Northern District of California dismissed a TCPA lawsuit because the plaintiff failed to sufficiently allege the use of an ATDS. In her complaint, the plaintiff alleged "the equipment used to place the calls to her has the capacity to: 1) store and call numbers without human intervention; and or 2) randomly or sequential [*sic*] generate numbers to be called and to call such numbers without human intervention."[20] Finding these allegations to be nothing "more than legal conclusions couched as fact,"[21] the court dismissed the plaintiff's complaint for failure to state a claim.[22]  Similarly, in *Flores v. Adir International, LLC*, this Court dismissed a complaint with prejudice for failing to properly allege use of an ATDS. In addition to alleging the machine that sent the text messages fit within the statutory definition of an ATDS, plaintiff Flores alleged:

> Such capacity is evidenced by the fact that: 1) none of the text messages mention Plaintiff directly and appear to be scripted and generic; 2) the text messages confirming Plaintiff's "Stop" request came almost immediately after Plaintiff's "Stop" texts, and were generic in that they once again did not make any reference to Plaintiff specifically.[23]

After analyzing the remainder of the plaintiff's allegations regarding the texts, which were far more detailed than the allegations in Smith's Complaint here, this Court held

---

[Footnote continued from previous page]
5962270 (N.D. Cal. Oct. 14, 2015); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN WMC, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011); *Flores v. Adir Int'l, LLC*, No. CV1500076ABPLAX, 2015 WL 4340020 (C.D. Cal. July 15, 2015); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013), *on reconsideration* (June 7, 2013); *Freidman v. Massage Envy Franchising, LCC*, No. 3:12-CV-02962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) (finding "that Plaintiffs have not stated with a level of factual specificity a claim under the TCPA"); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012).

[20] *Williams v. T-Mobile USA, Inc.*, No. 15-CV-03384-JSW, 2015 WL 5962270, at *2 (N.D. Cal. Oct. 14, 2015).

[21] *Id.*

[22] *Id.* at *3; *see also Knutson*, 2011 WL 291076, at *2 (dismissing the complaint because it gave "no details about the manner of the calls except that they were solicitations about Defendant's real estate related business.").

[23] *Flores*, 2015 WL 4340020, at *3.

---

the plaintiff's "conclusory allegation that Defendant used an ATDS is little more than speculation, and cannot support a claim for relief under the TCPA."[24]  In *Johansen v. Vivant, Inc.*, a court in the Northern District of Illinois dismissed the plaintiff's complaint as the plaintiff "provide[d] no information about the two messages he allegedly received from [the defendant] other than stating that [the defendant] left pre-recorded messages on his cellular phone using an ATDS."[25] The court recognized such a threadbare, formulaic recitation of the elements of a TCPA claim is insufficient, and noted: "Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details."[26]

Plaintiff's allegations here are the epitome of "threadbare, 'formulaic recitation of the elements' of a TCPA cause of action, which is not entitled to an assumption of truth."[27]  As was the case in *Williams*, *Flores*, and *Johansen*, here Plaintiff has failed to provide sufficient factual allegations to support her claims. Indeed, the plaintiff in *Flores* alleged much more detail about the call received than Plaintiff has here. Plaintiff's allegations regarding the use of an ATDS are similarly insufficient to withstand scrutiny. Plaintiff blankly alleges twice that Aitima called her using an ATDS, but her only allegation to support this claim is that "she heard a pause or dead air before anyone on the line began to speak"[28] (also contradictorily suggesting she actually spoke to someone). The Complaint fails to include any information about the purported calling system other than this single sentence, and fails to allege that the supposed capacity of

---

[24] *Id.*

[25] *Johansen*, 2012 WL 6590551, at *3.

[26] *Id.*

[27] *Id.*

[28] Complaint, ¶14.

the equipment used to place calls fits within the statutory definition.[29]   The single sentence regarding use of an ATDS is a naked assertion failing to meet the pleading requirements to state a claim under the TCPA.

Like Plaintiff's weak allegations regarding the use of an ATDS, more is needed for her to sufficiently state a claim for placing calls with a prerecorded or artificial voice message.   Simply alleging that Defendant places calls "using an autodialer and/or an artificial or prerecorded voice",[30] without any facts regarding Plaintiff actually hearing the voice or message, is not enough.   This statement is nothing more than a conclusion; there are no facts regarding what Plaintiff heard, or what she said in response, if anything.   The Fifth Circuit has held that to find a violation of the prerecorded/artificial voice provision of the TCPA, the call recipient must actually hear the recording.[31] Entirely absent from the Complaint is any allegation regarding with whom Plaintiff spoke (if anyone) or the conversation Plaintiff had when she answered the single alleged call.    Rather than actually alleging she heard an artificial voice or message and explaining what it said, Plaintiff merely states the call was placed "using an autodialer **and/or** an artificial or prerecorded voice."[32] Even Plaintiff seems unsure of which violation forms the basis of her Complaint.    Based on her insufficient allegations, this Court should dismiss Plaintiff's claims and class allegations.

Compounding the insufficient allegations, Plaintiff seeks to certify two classes of persons under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) ("CAFA"), by

---

[29] *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H WVG, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (dismissing the complaint for "failure to sufficiently plead the use of an ATDS within the meaning of the TCPA", as "Plaintiff neither specifies that the device has the capacity to store or produce telephone numbers nor that the system uses a random or sequential number general to text message the numbers.").

[30] Complaint, ¶¶ 1, 13.

[31] *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015) ("To be liable under the 'artificial or prerecorded voice' section of the TCPA, we conclude that a defendant must make a call and an artificial or prerecorded voice must actually play.").

[32] Complaint, ¶¶ 1, 13 (emphasis added).

---

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION**

citing to one website (800notes.com) and nine (9) purported consumer complaints found therein.  Due to the reliance on these online consumer complaints, the Court issued an order for Plaintiff to show cause as to why the case should not be dismissed for lack of subject-matter jurisdiction.[33] As Plaintiff's response to the Court's order to show cause demonstrates,[34] in reality the website cited in the Complaint contains only nineteen (19) consumer complaints regarding the calling number in total, many of which are inconsistent with Plaintiff's claims. Plaintiff's response also cites other websites showing consumers have complained about receiving calls from the same number as Plaintiff, but those websites in no way demonstrate that 100 consumers fit within Plaintiff's proposed class definitions, as required for jurisdiction to exist pursuant to CAFA. Only a handful of the consumer complaints she found online even reference Aitima. More importantly, the consumer complaints contradict Plaintiff's claim that the call she received was made with a prerecorded or artificial voice.

Even if this Court were to consider the 800notes.com reference, which it should not, the purported consumer complaints suggest the caller is a live person and, in several of the complaints, consumers claim they receive hang-up calls from this number rather than solicitations. Because Plaintiff fails to sufficiently describe the single call she received or even state she actually heard a prerecorded or artificial voice, Plaintiff's lawsuit should be dismissed.

### III. MOTION TO STAY

In the alternative, if the Court does not dismiss the Complaint, it should stay this putative TCPA class action pending the Supreme Court's forthcoming and potentially dispositive decision in *Spokeo*, as this Court and a number of other courts in the Ninth Circuit and throughout the country have done.  The *Spokeo* decision is expected to be issued by the end of the Supreme Court's term in June, 2016.

---

[33] DE 8.

[34] DE 9.

## A.  This Case Implicates the Issues Raised in *Spokeo*

In her Complaint, Plaintiff seeks only statutory damages and injunctive relief under the TCPA.  Plaintiff does not allege that she suffered any type of harm or injury as a result of allegedly receiving the single call.  The looming decision in *Spokeo* will apply directly to this case and potentially be dispositive.

In *Spokeo*, the Supreme Court will determine whether Congress may confer Article III standing upon a plaintiff who, like Plaintiff here, suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court by authorizing a private right of action based on a bare violation of a federal statute.  The answer to *Spokeo*'s certified question directly impacts whether the Plaintiff and the putative class members each have standing in this action under the TCPA by virtue of their bare statutory violations when they, similarly, have not suffered any concrete harm. This, in turn, would affect the analysis on class certification because individualized issues will predominate if each class member would need to show an actual injury beyond a mere statutory violation.

## B.  The Applicable Factors All Weigh in Favor of Granting a Stay

There is substantial precedent for granting a stay under such circumstances. Courts in the Ninth Circuit have routinely stayed proceedings in cases pending the Supreme Court's resolution of a related case that may be dispositive or significantly affect the case being stayed.[35]   And, more specifically, a significant and increasing

---

[35] *See Sierra Med. Servs. Alliance v. Maxwell-Jolly*, No. CV 10-04182 CAS, 2011 WL 3837076 (C.D. Cal. Aug. 29, 2011); *Cardenas v. AmeriCredit Financial Servs., Inc.*, No. C 09-04978 SBA, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011); *Carney v. Verizon Wireless Telecom, Inc.*, No. 09-CV-1854 DMS, 2010 WL 3058106, (S.D. Cal. Aug. 2, 2010); *NGV Gaming, Ltd. v. Harrah's Operating Co., Inc.*, No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008); *Ashby v. Farmers Group, Inc*., No. 01-CV-1446-BR, 2006 WL 3169381 (D. Ore. Oct. 30, 2006).

---

number of courts have stayed cases on account of the very Supreme Court case at issue here, *Spokeo*, as well as other recent cases such as *Campbell-Ewald v. Gomez*.[36]

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.[37]  In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or damage the non-moving party, simplify the issues and streamline trial, and reduce the burden of litigation on the parties and on the court and avoid a hardship on the moving party if the case is allowed to go forward.[38]  The proponent of a stay has the burden of proving the requested stay is justified.[39]  Each of these factors weighs in favor of the Court granting a stay here.

---

[36] *See, e.g.*, *Luster v. Jewelers*, No. 15-CV-2854-WSD, 2015 WL 9255553 (N.D. Ga. Dec. 17, 2015); *Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*, No. 15-cv-969-Orl-41DAB, 2015 WL 7444409 (M.D. Fla. Nov. 20, 2015); *Schartel v. OneSource Tech., LLC*, No. 15 CV 1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015); *Lopez v. Miami-Dade County*, No. 15-Civ-22943-COOKE/TORRES, 2015 WL 7202905 (S.D. Fla. Nov. 6, 2015); *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 15-CV-01215-AGF, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-04767-AB, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015); *Duchene v. Westlake Servs., LLC*, No. 13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); *Yaakov v. Varitronics, LLC*, No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015); *Provo v. Rady Children's Hosp.-San Diego*, No. 15CV0081 JM BGS, 2015 WL 6144029 (S.D. Cal. July 29, 2015); *Stone v. Sterling Infosystems, Inc.*, No. 15-CV-00711-MCE-DAD, 2015 WL 4602968 (S.D. Cal. July 29, 2015); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015);  *Larson v. Trans Union* LLC, No. 12-CV-057260-WHO, 2015 WL 3945052 (N.D. Cal. June 26, 2015); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942 (N.D. Cal. June 22, 2015).

[37] *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

[38] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[39] *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

---

### 1. *Spokeo* May Have a Dispositive Effect Here

If the Supreme Court finds in *Spokeo* that alleging statutory damages is not enough to confer standing under Article III, then this Court will lack subject-matter jurisdiction over this case. This result would undercut Plaintiff's entire case, which seeks recovery of only statutory damages. Indeed, the *Spokeo* decision might require an immediate dismissal by this Court.[40] Awaiting a decision in *Spokeo* before requiring the parties or the Court to engage in any further proceedings that may be rendered unnecessary would be consistent with how other district courts have decided to handle the potentially dispositive effect of *Spokeo*.[41]

### 2. Staying this Action and Awaiting the Potentially-Dispositive *Spokeo* Decision Will Save Judicial Economy

A stay is appropriate at this time because of *Spokeo*'s potentially dispositive consequences for the case at hand. Indeed, there is a distinct possibility that the decision will result in the Plaintiff lacking standing and the Court losing jurisdiction to hear the case. If that happens, any judicial resources spent on this matter between now and then would have been wasted.[42] As noted in *Larson*, "if the case is not stayed, the

---

[40] *Duchene*, 2015 WL 5947669, *3 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (holding that "an actual controversy must be extant at all stages of review," so "if an intervening circumstances deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot.")).

[41] *See Larson*, 2015 WL 3945052 at *8 ("A decision in *Spokeo* reversing the Ninth Circuit would thus raise serious questions regarding Larson's ability to establish his own individual standing, as well as the predominance and superiority requirements necessary to certify and maintain a class action under Rule 23(b)(3)."). *See*, *e.g.*, *Fromer Chiropractic*, 2015 WL 6579779 at *2; *Boise*, 2015 WL 4077433 at *6; *Stone*, 2015 WL 4602968 at *1.

[42] *Duchene*, 2015 WL 5947669 at *4; *see also Stone*, 2015 WL 4602968 at *2 (noting a stay would avoid "unnecessary use of judicial resources" to adjudicate discovery disputes and class certification issues).

---

1  Court, the parties, and the absent class members…would all face the risk of dedicating

2  substantial resources to proceedings that may ultimately prove unnecessary."[43]

3      Accordingly, it is in the best interests of judicial economy to conserve the Court's

4  resources for those actions in which there is not a risk that a likely imminent decision

5  from the Supreme Court will undo any Court decisions and vitiate any costly and

6  extensive motion practice, briefing, and discovery conducted by the litigants.

7                    ### 3. A Stay Will Benefit the Public Interest

8      The requested stay would also be in the public interest.  Moving forward with

9  litigation when the pending decision could dispose of the entire action would not serve

10 any party's or potential class member's interests.  Not only would all parties suffer

11 prejudice should this case not be stayed, but the public at large would, as well,

12 particularly since "[a] moderate delay here will free up judicial resources."[44]  The

13 opposite could be true absent a stay, and those limited judicial resources might ultimately

14 be wasted.  *Spokeo* was argued before the Supreme Court on November 2, 2015, and the

15 decision is expected to be rendered by the end of June 2016, two months or so from

16 now.  The public interest would be better served by entering a brief stay in this case and

17 having the Court's time and resources directed toward the other matters on its case

18 docket during the stay, particularly when any time spent on this case in the next two

19 months may end up being for naught.

20        ### 4. None of the Parties Will Suffer a Hardship or Prejudice While
21                 Awaiting the Supreme Court's Decisions

22     Finally, none of the parties will be harmed or prejudiced by the brief stay

23 requested herein.  While Plaintiff may argue she has the right to the speedy resolution of

24 her claims, at least one court found that even "having to wait *eight to nine months* to

25 continue litigation *is not, itself, sufficiently prejudicial* to outweigh the very plain

26 _____

27 43 *Larson*, 2015 WL 3945052 at *8.

28 44 *Boise*, 2015 WL 4077433 at *6.

benefits of staying the case, particularly when the issues pending at the Supreme Court go to this Court's power to hear the case."[45]  Here, the wait should be far less than eight to nine months. The many courts that have granted stays have also found it important that the length of the stay was neither indefinite nor immoderate, given that the Supreme Court's decision in *Spokeo* would be forthcoming within a year.  For example, that factor weighed heavily in favor of a stay in *Ramirez* nearly ten months ago, and it weighs even heavier now that the same stay in this case should have a significantly shorter duration.[46]

Accordingly, as the threshold issue of jurisdiction is implicated, in the interests of judicial economy and the public welfare, and given the lack of prejudice to Plaintiff, if the Court does not grant Aitima's Motion to Dismiss, it should stay the proceedings pending the outcome at the Supreme Court in *Spokeo*.

## IV. <u>REQUEST FOR TEMPORARY STAY OF DISCOVERY</u>

On April 15, 2016, shortly after the Parties' 26(f) conference, Plaintiff served discovery upon Defendant. However, in light of the potentially dispositive relief sought in this Motion, Defendant requests this Court to temporarily stay discovery during the pendency of this Motion. "The district court has wide discretion in controlling discovery."[47] Pursuant to Rule 26(c), for good cause the Court may enter an order to stay discovery "to protect a party or person from annoyance, embarrassment,

---

[45] *Duchene*, 2015 WL 5947669 at *4 (emphasis added).

[46] 2015 WL 6159942 at *2 ("Given that the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification ruling, the *Landis* factors weigh strongly in favor of staying this action pending the *Spokeo* decision.  The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Court's customary practice.").

[47] *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

---

oppression, or undue burden or expense."[48]   Courts balance several factors, already discussed *supra*, in determining whether a stay should be issued.[49]

Here, good cause exists for the issuance of a protective order temporarily staying discovery while this Court rules on the pending motion to dismiss and request for stay relief pending *Spokeo*.   Defendant may be required to devote significant time and expense in preparing responses to the discovery, and such expense could be a waste if this Court rules in favor of Defendant on the pending motion.   Even if this Court denies the motion to dismiss but stays this case pending *Spokeo*, discovery would likely need to be updated after the proceedings continue, and complying with discovery both before issuance of a potential stay and also after would increase the burden and expense of litigation on all parties.   As such, good cause exists for the issuance of a protective order temporarily staying discovery during the pendency of this motion.

## V. <u>CONCLUSION</u>

The Complaint is devoid of any well-pleaded facts and fails to state a cause of action for a violation of the TCPA.   Finally, and only in the event the Court does not dismiss the Complaint, it should stay the proceedings in this case pending the Supreme Court's decisions in *Spokeo*, which could have dispositive effect in this action.   As a large number of courts have determined in similar putative class actions, all of the factors weigh in favor of issuance of a stay under the circumstances presented here. The Court should also stay discovery in this case during the pendency of this Motion.

Dated: April 15, 2016                          Respectfully Submitted,

                                       /s/  *Lauren Shoemake*

---

[48] Fed. R. Civ. P., 26(c).

[49] *Top Rank, Inc. v. Haymon*, No. CV154961JFWMRWX, 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015) (factors to be considered include "(1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.").

GREENSPOON MARDER, P.A.
Richard W. Epstein
(Admitted *Pro Hac Vice*)
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
(Admitted *Pro Hac Vice*)
Jeffrey.Backman@gmlaw.com
Lauren Shoemake
(Admitted *Pro Hac Vice*)
Lauren.Shoemake@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 333-4211

-and-

REDEFINE LAW FIRM, INC.
Babak Lalezari, Esq. (SBN 261703)
BLalezari@redefinelawfirm.com
6399 Wilshire Blvd., Suite #901
Los Angeles, CA 90048
Telephone:   (310) 571-5297
Facsimile:   (310) 684-5793

Attorneys for Defendant Aitima Medical
Equipment, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all counsel of record registered to receive CM/ECF notification, and that it was served upon any other counsel and parties in some other authorized manner.

### SERVICE LIST

BURSOR AND FISHER P.A.
Scott A. Bursor
Lawrence Timothy Fisher
Yeremey O. Krivoshey
Annick Marie Persinger
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

*Attorneys for Plaintiff*

/s/ Lauren Shoemake
Lauren Shoemake