GREENSPOON MARDER LAW
RICHARD EPSTEIN (*admitted pro hac vice*)
Richard.Epstein@gmlaw.com
JEFFREY BACKMAN (*admitted pro hac vice*)
Jeffrey.Backman@gmlaw.com
LAUREN SHOEMAKE (*admitted pro hac vice*)
Lauren.Shoemake@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone:  (954) 491-1120
Facsimile:(954) 333-4211

REDEFINE LAW FIRM, INC.
BABAK LALEZARI (SBN 261703)
BLalezari@redefinelawfirm.com
6399 Wilshire Blvd., Suite #901
Los Angeles, CA 90048
Telephone:  (310) 571-5297
Facsimile:  (310) 684-5793

Attorneys for Defendant
Aitima Medical Equipment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| QUINSHAWNDA SMITH, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AITIMA MEDICAL EQUIPMENT, INC.,<br><br>Defendant. | Case No. 5:16-cv-00339-ATB-DTB<br><br>DEFENDANT AITIMA MEDICAL EQUIPMENT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION, AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**Hearing**<br>Date:  June 20, 2016<br>Time:  10:00 a.m.<br>Ctrm:  4<br>The Honorable André Birotte, Jr. |

1

## __TABLE OF CONTENTS__

2

I. INTRODUCTION ........................................................................................1

3

II. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF
4    CAN BE GRANTED ...............................................................................2

5
     A. Plaintiff did not adequately allege the use of an ATDS. .......................2
6

7    B. Plaintiff's allegations regarding use of an artificial or prerecorded voice are
8        insufficient. ..........................................................................................5

9
     C. Plaintiff relies on purported "online consumer complaints" that conflict
10       with the Complaint's class allegations. ................................................8

11
III. *SPOKEO, INC. v. ROBINS* REQUIRES THE COURT TO DISMISS THE
12    COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
13    BECAUSE PLAINTIFF LACKS STANDING .........................................9

14
IV. "GOOD CAUSE" STILL EXISTS TO STAY DISCOVERY ...................11
15

16   V.  CONCLUSION........................................................................................ 12

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Connelly v. Hilton Grant Vacations Co., LLC,*
 12CV599 JLS KSC, 2012 WL 2129364 (S.D. Cal. June 11, 2012) .......... 4-5

*Daniels-Hall v. Nat'l Educ. Ass'n,*
 629 F.3d 992 ((th Cir. 2010)........................................................................8

*De Los Santos v. Millward Brown, Inc.,*
 No. 13-80670-CV, 2014 WL 2938605 (S.D. Fla. June 30, 2014) .................5

*Evans v. Nat'l Auto Div. LLC,*
 No. 15-8714, 2016 WL 885050 (D.N.J. Mar. 8, 2016)...................................5

*Flores v. Adir-Int'l, LLC,*
 No. CV1500076ABPLAX,
 2015 WL 4340020 (C.D. Cal. July 15, 2015) .................................................7

*Freidman v. Massage Envy Franchising, LCC,*
 No. 3:12-CV-02962-L-RBB,
 2013 WL 3026641 (S.D. Cal. June 13, 2013) .................................................7

*Hanley v. Green Tree Servicing, LLC,*
 934 F. Supp. 2d 977 (N.D. Ill. 2013),
 *on reconsideration* (June 7, 2013)..................................................................7

*Ibey v. Taco Bell Corp.,*
 No. 12-CV-0583-H WVG,
 2012 WL 2401972 (S.D. Cal. June 18, 2012) ...............................................7

*In re Zappos.com, Inc.*
 108 F.Supp.3d 949 (D. Nev. 2015).............................................................11

*Johansen v Vivant, Inc.,*
 No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) ...................7, 8

*Khan v. Children's Nat'l Health sys.,*
 No. CV TDC-15-2125, 2016 WL 2946165 (D. Md. May 19, 2016)...........11

*Knutson v. Reply!, Inc.*,
  No. 10-CV-1267 BEN WMC,
  2011 WL 291076 (S.D. Cal. Jan. 27, 2011)................................................. 7

*Kontrick v. Ryan*,
  540 U.S. 443 (2004)..................................................................................2, 9

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ....................................................................11

*Loveless v. A1 Solar Power, Inc.*,
  No. EDCV141779FMODTBX,
  2015 WL 4498787 (C.D. Cal. July 23, 2015) ..............................................3

*Lofton v. Verizon Wireless (VAW), LLC*,
  No. 13-CV-05665-YGR,
  2015 WL 1254681 (N.D. Cal. Mar. 18, 2015)..............................................4

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)....................................................................................9

*Oliver v. DirecTV, LLC*,
  No. 14-CV-7794, 2015 WL 1727251 (N.D. Ill. Apr. 13, 2015) ...................5

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016)..........................................................................2, 9-12

*Thomas v. Dun & Bradstreet Credibility Corp.*,
  100 F. Supp. 3d 937, 945 (C.D. Cal. 2015) ..............................................3, 4

*Williams v. T-Mobile USA, Inc.*,
  No. 15-CV-03384-JSW, 2015 WL 5962270 (N.D. Cal. Oct. 14, 2015)........7

**Statutes**
47 U.S.C. §227 ...............................................................................................1

**Rules**
Fed. R. Civ. P. 26.......................................................................................11, 12

iii

## I. INTRODUCTION

In her Response, Plaintiff Quinshawnda Smith ("Smith") fails to address the insufficiency of her Complaint in every regard other than blankly asserting that she adequately alleged the use of an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (the "TCPA"). Smith claims in her Response, for the first time in this lawsuit, that Defendant Aitima Medical Equipment, Inc. ("Aitima") "called [her] using an autodialer **and** an artificial or pre-recorded voice…."[1] But importantly, Smith's Complaint fails to allege that the call Smith allegedly received from Aitima was made with an ATDS *as well as* an artificial or prerecorded voice. Instead, the Complaint conclusorily alleges the unlawful call was placed "using an [ATDS] **and/or** an artificial or prerecorded voice,"[2] suggesting Smith is unsure about whether she was connected to a live person *or* heard an artificial voice or a prerecorded message, and thus, making her pleading deficient.

Cases from this District and nationwide require a plaintiff to set forth more facts than the limited and conclusory allegations in the Complaint. Moreover, Smith fails to address Aitima's argument that she omitted important information such as what she supposedly heard upon answering the call, what she said (if anything), and what injury she suffered, if any, by receiving the call. Smith also omits any response argument as to why the nine (9) "online consumer complaints" from one source can provide a basis for her class action claims, especially when they do not suggest the use of an ATDS or prerecorded voice and, in fact, actually suggest the call recipients spoke with a live person. This Court should dismiss Plaintiff's Complaint because her allegations regarding the single call she received are insufficient to state a claim for relief under the TCPA, and her reliance upon "online consumer complaints" aggravates, rather than cures, the Complaint's deficiencies.

---

[1] Plaintiff's Response in Opposition to Motion to Dismiss, DE 31 (the "Response"), p.1 (emphasis added).

[2] Complaint ¶¶1, 13 (emphasis added).

Furthermore, the United States Supreme Court recently issued its decision in *Spokeo, Inc. v. Robins*,[3] which requires Plaintiff to have suffered an actual and concrete injury-in-fact in order to establish Article III standing to pursue her claims before this Court. A statutory violation alone is not enough. Although the issuance of the opinion does moot Aitima's requested stay relief, *Spokeo* now provides this Court with yet another basis to dismiss the Complaint because Plaintiff fails to sufficiently allege <u>she</u> suffered an actual and concrete injury-in-fact, and consequently Plaintiff lacks Article III standing to pursue her claim before this Court.[4] Because *Spokeo* now requires this Court to dismiss Plaintiff's Complaint for want of subject matter jurisdiction, a stay of discovery in this case is proper until the Court is able to rule on the pending Motion.

## II. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Plaintiff did not adequately allege the use of an ATDS.

Rather than respond to the entirety of the arguments set forth in Aitima's Motion to Dismiss or Stay, Plaintiff's Response merely focuses on claiming she adequately alleged the use of an ATDS. In an effort to urge this Court that the Complaint properly alleges the use of an ATDS, Plaintiff quotes two allegations in the Complaint: (1) the date, time, and telephone number of the call allegation, and (2) that Plaintiff "heard a pause or dead air before anyone on the line began to speak, indicating the use of an [ATDS]."[5] Thereafter, Plaintiff sets forth a host of cases to suggest that because she included the words "pause or dead air" in her Complaint, she has sufficiently alleged the use of an ATDS and thus her Complaint should survive dismissal. Plaintiff's arguments

---

[3] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), as revised (May 24, 2016).

[4] Although a "litigant generally may raise a court's lack of subject matter jurisdiction at any time in the same civil action," *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004), Aitima will file a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) should the Court deem it necessary.

[5] Response, p. 2.

do not accurately set forth the law and omit complete analyses from the holdings, all of which require more factual allegations than the Complaint contains.

For example, Plaintiff cites *Loveless v. A1 Solar Power, Inc.*, claiming "this Court" has held allegations regarding "dead air" to be sufficient to allege use of an ATDS.[6] As an initial matter, this Court did not decide *Loveless*; the opinion was issued by another court in this District,[7] and the analysis therein is quite different from Plaintiff's brief summary. The amended complaint analyzed by the *Loveless* court contained numerous allegations regarding the purported unlawful calls, and the opinion identifies over eight (8) paragraphs of allegations in the amended complaint about the calls, including an allegation regarding "dead air." The plaintiff in *Loveless* also included other allegations of additional detail, such as: "Had Defendant manually dialed the telephone calls at issue, Plaintiff would not have been greeted by 'dead air' on several occasions."[8]

Plaintiff similarly omits essential portions of the court's reasoning in *Thomas v. Dun & Bradstreet*. The parenthetical in the Response following this citation states: "Because Plaintiff alleges that 'there was a 'pause' after he answered the phone, which is 'characteristic of an automated dialer' ... [his] allegations plausibly plead Defendant's use of an ATDS.'"[9] Plaintiff's representation of the *Thomas* court's analysis, and this "quote", are incomplete. The defendant had argued the plaintiff's allegation of a "pause" was insufficient to allege use of an ATDS, and the court examined other allegations, *in addition to* the purported "pause" assertion, to find the plaintiff did adequately allege the use of an ATDS. The opinion demonstrates it was

---

[6] Response, pp. 2-3.

[7] *Loveless v. A1 Solar Power, Inc.*, No. EDCV141779FMODTBX, 2015 WL 4498787 (C.D. Cal. July 23, 2015) (Olguin, J.).

[8] *Id.* at *3 (citing paragraph 19 of the complaint at issue).

[9] Response, p. 3.

because of the additional allegations the court was able to reach this conclusion. The *Thomas* opinion actually states:

> Plaintiff alleges Defendant telemarkets its services using a "predictive dialer." (Compl. ¶ 29.) Plaintiff also alleges there was a "pause" after he answered the phone, which is "characteristic of an automated dialer." (Compl. ¶ 29.) Although Defendant argues these allegations alone are insufficient to plausibly plead its use of an ATDS, Defendant ignores and misconstrues Plaintiff's remaining allegations. For example, Defendant glosses over the allegations regarding its likely need for a "sophisticated phone system" capable of "stor[ing] phone numbers and dial[ing] them automatically." (Compl. ¶ 34.) And Defendant's close dissection of the allegations regarding the StrataDial VC2 misreads the thrust of the Complaint. That Plaintiff alleges "telemarketers such as [Defendant]" use autodialers "such as the StrataDial VC2 phone system" does not undermine the plausibility that Defendant in fact used such a system to call Plaintiff. And assuming Defendant did use such as system, as Plaintiff alleges, Defendant could be found to have used an ATDS, as the StrataDial VC2 "'allows' and 'enables' [Defendant] to: (1) import, create, and store a 'Sequential Call List'; and (2) make 'outbound predictive calls.'" (Compl. ¶ 35.)[10]

Unlike Plaintiff's representation of the *Thomas* case, courts require much more detailed allegations than the four (4) sentences about the call Plaintiff asserted in her Complaint.

The remaining cases cited by Plaintiff to support her argument that "[o]ther courts have likewise held that an allegation that a plaintiff heard a pause or dead air is sufficient" are akin to the *Loveless* and *Thomas* cases above, and discussed how complaints must include more detailed allegations than Plaintiff's Complaint.[11]

---

[10] *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015).

[11] For example, the *Lofton* case Plaintiff cites expressly requires detailed allegations. *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-CV-05665-YGR, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015) ("[T]he allegations may be sufficient where accompanied by *specific allegations* which render plausible the use of an ATDS." (emphasis added)). The remaining cases cited in the Response show the complaints in those cases contained more allegations regarding the purported calls than Plaintiff's Complaint here. *See, e.g.*, *Connelly v. Hilton Grant Vacations Co., LLC*, No. 12CV599 JLS KSC, 2012 WL

[Footnote continued on next page]

Finally, Plaintiff feebly attempts to distinguish the cases cited in the Motion to Dismiss or Stay, discussed further *infra*. Although the Complaint does include an allegation about "a pause or dead air," this single allegation does not mean Plaintiff's Complaint states a claim under the TCPA. All of the cases cited in the Response discuss complaints that contained more details and more information than Plaintiff's Complaint. Here, Plaintiff alleges nothing more than "Defendant called [her] on her cellular telephone using an autodialer **and/or** an artificial or prerecorded voice in order to sell her medical equipment."[12] Plaintiff also states "[w]hen [she] answered the phone, she heard a pause or dead air before anyone on the line began to speak, indicating the use of an automatic telephone dialing system."[13] Other than these two sentences, which seem to be contradictory (if someone "began to speak" after the alleged pause, then Plaintiff did not hear a recording or artificial voice as she conclusorily alleges now for the first time in her Response), Plaintiff provides no details about the call itself. The *four* sentences in the Complaint describing the call, two of which are nearly identical, do not adequately allege a claim under the TCPA. Conclusory allegations are insufficient.

**B.** **Plaintiff's allegations regarding use of an artificial or prerecorded voice are insufficient.**

In two of the four sentences in the Complaint that reference the single call, Plaintiff alleges Aitima called Plaintiff "using an autodialer **and/or** an artificial or

---

[Footnote continued from previous page]

2129364 (S.D. Cal. June 11, 2012) (alleging "the calls had a delay prior to a live person speaking to Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the phone)…."); *Evans v. Nat'l Auto Div., L.L.C.*, No. 15-8714, 2016 WL 885050 (D.N.J. Mar. 8, 2016) (noting the complaint alleges the content of the calls); *Oliver v. DirecTV, LLC*, No. 14-CV-7794, 2015 WL 1727251 (N.D. Ill. Apr. 13, 2015) (noting the complaint explains the details of the plaintiff's dealings and communications with the calling party); *De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, 2014 WL 2938605 (S.D. Fla. June 30, 2014) (identifying eight (8) paragraphs of allegations about the call from the complaint).

12 Complaint, ¶1 (emphasis added).

13 *Id.* at ¶14.

---

prerecorded voice message."[14]   Accordingly, it seems Plaintiff is uncertain of whether the call is a TCPA violation because it was placed with an ATDS, <u>or</u> with an artificial or prerecorded voice, **<u>or both</u>**.  Although this Court is required to accept as true all *well-pleaded* allegations of the Complaint, this allegation fails to provide the Court with any indication about what Plaintiff actually heard when she answered her telephone. Although Plaintiff now claims in her Response that "Aitima called [her] using an autodialer **<u>and</u>** an artificial or prerecorded voice,"[15] that allegation is not included in the Complaint and cannot be considered by the Court to avoid dismissal. Although the Complaint does not allege that Plaintiff actually heard an artificial or prerecorded message, she seeks to certify an entire class of persons who allegedly received calls from a prerecorded or artificial voice message. Without alleging what actually happened when Plaintiff allegedly answered her telephone, the Complaint fails to state a claim.

Plaintiff attempted to distinguish cases cited in the Motion to Dismiss or Stay on this point, suggesting that because the Complaint has one allegation about "a pause or dead air", the entire Complaint is sufficient. However, as evidenced by the Response, Plaintiff was unable to make any argument that she properly alleged use of a prerecorded or artificial voice.  The "and/or" language used twice in the Complaint demonstrates the conclusory nature of the allegation.[16] Available authority clearly requires more than conclusory and naked assertions for a complaint to stand.[17]

---

14 Complaint, ¶¶ 1, 13 (emphasis added).

15 Response, p. 1 (emphasis added)

16 Exacerbating this conclusory language is the fact that Plaintiff's attorneys firm, Bursor & Fisher, P.A., have filed many other complaints that included this exact "and/or" allegation. *See, e.g.*, Complaint at ¶1, *Brown v. Directv, LLC*, Case No. 5:16-cv-00263 (C.D. Cal., Feb. 10, 2016), ECF No. 1; Complaint at ¶1, *Sayes v. Monterey Financial Services, Inc.*, Case No. 2:16-cv-1074 (C.D. Cal., Feb. 16, 2016), ECF No. 1; Complaint at ¶1, *Rheuark v. United Receivables Group, LLC*, Case No. 2:16-cv-1377 (C.D. Cal., Feb. 26, 2016), ECF No. 1; Complaint at ¶1, *Montgomery v. Nationwide Credit, Inc.*, Case No. 2:16-cv-3006 (C.D. Cal., May 2, 2016), ECF No. 1. As it is apparently the firm's practice to include such an allegation in a TCPA

[Footnote continued on next page]

Although Plaintiff attempts to distinguish *Williams v. T-Mobile USA, Inc.*, the case is applicable because the court dismissed a TCPA lawsuit after determining the complaint's allegations were nothing "more than legal conclusions couched as fact…."[18] Plaintiff's attempts to distinguish the *Flores* case, decided by this Court, are similarly unavailing.   In *Flores*, this Court dismissed a complaint, which alleged a TCPA violation in the form of text messages, due to the insufficient allegations therein. After analyzing the plaintiff's allegations regarding the texts, which were far more detailed than the allegations in Smith's Complaint here, this Court held that the plaintiff's "conclusory allegation that Defendant used an ATDS is little more than speculation, and cannot support a claim for relief under the TCPA."[19] Like in *Flores*, Plaintiff's claim that she received a call that was made with an "autodialer and/or an artificial or prerecorded voice message" is a legal conclusion. Because Plaintiff has no allegation regarding what she heard *or said* after she answered the call, there is no analogous "pause or dead air" statement regarding Plaintiff's claim that she heard an artificial voice or prerecorded message. As another court recognized in dismissing a

---

[Footnote continued from previous page]

complaint, this Court should require a more detailed allegation regarding Plaintiff Smith's alleged personal experience.

[17] *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H WVG, 2012 WL 2401972 (S.D. Cal. June 18, 2012); *Williams v. T-Mobile USA, Inc.*, No. 15-CV-03384-JSW, 2015 WL 5962270 (N.D. Cal. Oct. 14, 2015); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN WMC, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011); *Flores v. Adir Int'l, LLC*, No. CV1500076ABPLAX, 2015 WL 4340020 (C.D. Cal. July 15, 2015); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013), *on reconsideration* (June 7, 2013); *Freidman v. Massage Envy Franchising, LCC*, No. 3:12-CV-02962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) (finding "that Plaintiffs have not stated with a level of factual specificity a claim under the TCPA"); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012).

[18] *Id.*; *see also Knutson*, 2011 WL 291076, at *2 (dismissing the complaint because it gave "no details about the manner of the calls except that they were solicitations about Defendant's real estate related business.").

[19] *Flores*, 2015 WL 4340020, at *3.

---

TCPA complaint: "Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details."[20] Because Plaintiff's two "and/or" statements are the epitome of a legal conclusion couched as fact, the Court should dismiss Plaintiff's Complaint.

### C. Plaintiff relies on purported "online consumer complaints" that conflict with the Complaint's class allegations.

Worsening the insufficiency of Plaintiff's allegations regarding the call she allegedly received, the Complaint summarizes nine (9) online "consumer complaints" found on one website (800notes.com), which contradict Plaintiff's remaining allegations. Plaintiff's summaries of these purported "consumer complaints" in no way demonstrate a class of persons exist who received calls in violation of the TCPA – there is no indication that the calls were placed with an artificial or prerecorded voice because apparently the called parties spoke with live persons. None of the listed "consumer complaints" suggest the use of an ATDS either.  In reality, the "consumer complaints" contradict Plaintiff's claim that hundreds of class members received calls placed with an artificial or prerecorded voice, or with an ATDS.[21]  Because Plaintiff fails to sufficiently describe the single call *she* received or even state *she* actually heard a prerecorded or artificial voice, Plaintiff's Complaint should be dismissed.

---

[20] *Johansen*, 2012 WL 6590551, at *3.

[21] A court need not accept as true allegations that are contradicted by other portions of a complaint. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

### III. *SPOKEO, INC. v. ROBINS* REQUIRES THE COURT TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS STANDING

The Supreme Court issued its decision in *Spokeo, Inc. v. Robins* on May 16, 2016.[22] Therein, the Supreme Court reversed the Ninth Circuit's ruling after determining the Ninth Circuit had failed to conduct a complete analysis regarding plaintiff Robin's alleged injury-in-fact. Although Aitima no longer seeks a stay of Plaintiff's lawsuit, *Spokeo* requires this Court to examine whether it has subject matter jurisdiction over the claims asserted in the Complaint.[23] As the Complaint fails to adequately allege that Plaintiff suffered any concrete injury-in-fact to have Article III standing, the Complaint requires dismissal.

The *Spokeo* decision reaffirms the long-standing, federal precedent that a plaintiff, as the party invoking federal jurisdiction, bears the burden to establish the "irreducible constitutional minimum" of standing, consisting of three elements. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[24] *Spokeo* explains that when a case "is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element."[25] The Court also held "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[26] *Spokeo* explains a "particularized" injury "must affect the plaintiff in a personal and individual way."[27] As such, the

---

[22] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016).

[23] *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

[24] *Spokeo, Inc.*, 136 S. Ct. at 1547 (internal citations omitted).

[25] *Id.*

[26] *Id.* at 1548.

[27] *Id.* citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, n 1 (1992).

---

Supreme Court made clear that a complaint must contain allegations that sufficiently demonstrate each element of Article III standing, including that Plaintiff suffered an actual injury-in-fact; a statutory violation, alone, is insufficient.

The *Spokeo* decision also confirmed Article III standing "requires a concrete injury even in the context of a statutory violation,"[28] and that a "bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-fact requirement of Article III.[29] Concrete injuries can include "intangible injuries" such as injuries to the right of free speech and free exercise, but a court must still assess the individualized circumstances of a complaint's respective claims to determine whether plaintiff actually suffered a concrete (i.e. real) injury.[30]

Plaintiff argues in her Response that the *Spokeo* ruling does not impact her case since her Complaint sufficiently "alleged both tangible and intangible harm arising out of Defendant's conduct" because it included the following allegation:

> Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.[31]

However, this is hardly a sufficient allegation of injury; this is nothing more than a conclusory assertion.  Indeed, it ends with the conclusion that the Supreme Court said would not do, i.e., the harm is the "violation of their statutory rights."[32]  Plaintiff fails to allege that *she* was actually charged for the call or that *she* received more than one call, but in this conclusory allegation she claims the class suffered "electrical charges" and "multiple" calls.  She fails to allege any details about how the single call *she* allegedly

---

28 *Id.* at 1543.

29 *Id.* at 1549.

30 *Id.*

31 Response, pp. 5-6, citing Complaint, ¶21.

32 *Spokeo, Inc.*, 136 S. Ct. at 1546.

received invaded *her* privacy or caused *her* any actual harm.  There is no allegation in the Complaint regarding the injury Plaintiff supposedly suffered. Her cited conclusory allegation, lumped together in the "class allegations" section of the Complaint, regarding the harm that "Plaintiff and all members" supposedly suffered does not sufficiently allege that *this* Plaintiff suffered a concrete injury-in-fact.

In a recent post-*Spokeo* ruling alleging violations of a state's consumer protection law after a hospital data breach, the court found the plaintiff did not allege a sufficient injury-in-fact to have standing. The plaintiff "argue[d] that the data breach has caused a loss of privacy that constitutes an injury in fact. However, she has not identified any potential damages arising from such a loss and thus fails to allege a 'concrete and particularized injury.'"[33] Similarly, in this case, Plaintiff has not identified any damages she suffered because of the call she claims to have received. Because Plaintiff has not alleged (and cannot allege) that she suffered a concrete injury-in-fact, this Court does not have subject matter jurisdiction over Plaintiff's case. As such, dismissal is proper.

## IV. "GOOD CAUSE" STILL EXISTS TO STAY DISCOVERY

Plaintiff's Response to Aitima's request for a stay of discovery ignores the "good cause" analysis set forth in Aitima's Motion to Dismiss or Stay.  District courts have "wide discretion in controlling discovery."[34] Pursuant to Rule 26(c), for good cause the Court may enter an order to stay discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[35]  Aitima set forth in its motion why good cause exists for a stay of discovery in this case, and those arguments continue to apply in light of the dispositive nature of the *Spokeo* ruling. Plaintiff propounded discovery on Aitima before Aitima filed its Motion to Dismiss or

---

[33] *Khan v. Children's Nat'l Health Sys.*, No. CV TDC-15-2125, 2016 WL 2946165, at *6 (D. Md. May 19, 2016), citing *In re Zappos.com, Inc.*, 108 F.Supp.3d 949, 955 (D. Nev. 2015).

[34] *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

[35] Fed. R. Civ. P., 26(c).

Stay, and before the *Spokeo* decision was issued, a decision that plainly impacts this case and may require dismissal if this Court determines it lacks subject matter jurisdiction to hear Plaintiff's claims.  If discovery continues when the Court may soon determine it lacks subject matter jurisdiction, the parties will have needlessly wasted time, money, and other resources to unnecessarily respond to useless discovery. Because, as set forth above, Plaintiff does not have standing and this Court lacks subject matter jurisdiction to hear Plaintiff's claims, good cause continues to exist to require discovery to be stayed until the Court can rule on the pending Motion.

### V. CONCLUSION

As the Complaint is devoid of any well-pleaded facts to support a cause of action, the Complaint must be dismissed.  Furthermore, in light of the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, Plaintiff lacks standing and, as such, this Court lacks subject matter jurisdiction to hear Plaintiff's claims.  Finally, because this Court lacks subject matter jurisdiction, good cause exists to stay discovery until such time that the Court rules on the pending Motion.

Dated: June 6, 2016                    Respectfully Submitted,

/s/  *Lauren Shoemake*
GREENSPOON MARDER, P.A.
Richard W. Epstein
(Admitted *Pro Hac Vice*)
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
(Admitted *Pro Hac Vice*)
Jeffrey.Backman@gmlaw.com
Lauren Shoemake
(Admitted *Pro Hac Vice*)
Lauren.Shoemake@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 333-4211
                    -and-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDEFINE LAW FIRM, INC.
Babak Lalezari, Esq. (SBN 261703)
BLalezari@redefinelawfirm.com
6399 Wilshire Blvd., Suite #901
Los Angeles, CA 90048
Telephone:   (310) 571-5297
Facsimile:    (310) 684-5793

*Attorneys for Defendant Aitima Medical
Equipment, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all counsel of record registered to receive CM/ECF notification, and that it was served upon any other counsel and parties in some other authorized manner, including the below:

## SERVICE LIST

BURSOR AND FISHER P.A.
Scott A. Bursor
Lawrence Timothy Fisher
Yeremey O. Krivoshey
Annick Marie Persinger
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
*Attorneys for Plaintiff*

*/s/ Lauren Shoemake*
Lauren Shoemake